UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL TODD BURNS,           )<br>                                           )<br>          Plaintiff                   )<br>                                           )<br>v.                                        )<br>                                           )<br>MICHAEL J. ASTRUE,            )<br>Commissioner of Social Security,   )<br>                                           )<br>          Defendant                )   | Civil Docket No. 09-109-P-H |

### RECOMMENDED DECISION ON MOTION TO REMAND

On November 20, 2009, the defendant commissioner filed a timely motion to remand this Social Security appeal. Docket No. 10. As is his practice, the commissioner filed with the motion a draft order granting the motion. When unopposed, it is the court's practice to sign these orders. Here, however, the plaintiff has timely objected. Docket No. 11.

I ordered oral argument on the defendant commissioner's motion consolidated with oral argument on the plaintiff's appeal on the merits. Both motions are scheduled to be heard on December 18, 2009. Because I conclude that the motion to remand should be granted and that the plaintiff is thus not entitled to consideration of the merits of his appeal at this time, I recommend that the commissioner's motion be granted and order that this case be removed from the December 18 oral argument calendar.

### I. Discussion

### A. The Parties' Competing Arguments

The sole reason given by the plaintiff for his objection to the motion to remand, Objection to Motion to Remand (Docket No. 11) at 1-2, is the language used in the final phrase of the first paragraph of the draft order: "The ALJ will be further directed to consolidate Plaintiff's new application and evaluate the new evidence concerning the exacerbation/deterioration of Plaintiff's condition and obtain updated medical evidence, *including consultative examinations, if warranted*." Draft Order, submitted with Motion to Remand, at 1 (emphasis added). This language does not order the administrative law judge to obtain one or more consultative examinations, but the plaintiff maintains that it "suggests" that the administrative law judge do so, and that "suggesting consultative examinations is not something the Court would do if it decided the case on the merits." Objection at 1.

The commissioner, in response, refuses to agree to deleting the language at issue, pointing out that the need for a consultative examination may become apparent during the remand, that the court often instructs the commissioner to obtain more evidence when remanding, and that the plaintiff's assertion that consultative examinations are often cursory and/or inaccurate is merely his counsel's personal opinion. Defendant's Reply to Plaintiff's Objection to Remand (Docket No. 12) at 1-2.

### B. Analysis

When this court remands a Social Security appeal before considering its merits because the parties agree that further action by the commissioner is warranted, it remands for the reasons and with the conditions to which the parties have agreed. Given the instant dispute over the contested phrase, I recommend that the court grant the motion to remand and issue an order of

remand without including in its order the words over which the parties disagree. This recommendation is made, not because the plaintiff's objection to those words appears to have merit, but because a remand order without the disputed language will not limit the commissioner as to what may be done on remand. In short, with or without the contested phrase, the outcome on remand will be unchanged. There is no need to spend the court's and the parties' time conducting oral argument on the merits of the current appeal when any issue or issues raised by that appeal may well be resolved by the remand to which the parties agree, but for a single phrase of unremarkable language.

## II. Conclusion

For the foregoing reasons, I recommend that the motion to remand be **GRANTED**. Pending this court's ruling on my recommendation, I **ORDER** that this action be removed from the court's December 18, 2009, oral argument calendar.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 13th day of December, 2009.

> /s/ John H. Rich III
> John H. Rich III
> United States Magistrate Judge

3